AMELIA G. HORNBURG, Appellant, *v.* WILLIAM HORNBURG, Respondent.

*Husband and wife — divorce — contempt — judgments — interlocutory judgment requiring defendant to convey such interest as he had in certain real estate at time of making stipulation therefor — real estate which defendant held under executory contract of purchase not covered by judgment — sawmill machinery theretofore sold and removed not affected by judgment.*

Appeal from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 3d day of January, 1920, denying plaintiff's motion to punish defendant for contempt of court in having disobeyed the order and judgment in favor of the plaintiff in an action for divorce.

PER CURIAM: *First.* We agree with the Special Term that only such real estate as is situate in the county of Erie to which defendant held the legal title, was covered by the interlocutory judgment, and that the real estate of which defendant had only executory contract to purchase is not covered thereby. *Second.* As to the sawmill machinery, it appears that at the time the stipulation was made and the interlocutory judgment granted, defendant had theretofore contracted to sell the same to Emke at an agreed price and a part thereof had been delivered. Even if the defendant regained the title after the stipulation and judgment were made, or had a lien on the undelivered portion for the purchase price, it is not covered by the stipulation and judgment, since the judgment required defendant to convey only such interest in the real estate as he had at the time of the making of the

stipulation and judgment. Paragraph No. 7 of the referee's report, in so far as it finds that the sawmill machinery removed was a part of the real estate, and fixes its value, is disapproved and reversed. All concur, except Sears, J., who dissents. Order affirmed, with costs.